UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9256 FMO (MAAx) | Date | February 16, 2022 |
|---|---|---|---|
| Title | Gloria Salvador Rodillas v. Minnesota Life Insurance Company, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**     (In Chambers) Order to Show Cause

On November 29, 2021, defendant and debtor-in-possession[1] Shurwest, LLC ("Shurwest LLC") filed a notice of removal, (Dkt. 1, "NOR"), pursuant to 28 U.S.C. §§ 1334(b), 1441(a), 1452(a),[2] and Fed. R. Bankr. P. 9027.  In its NOR, Shurwest LLC stated that "[t]he Debtor's liability or lack thereof will greatly impact the administration of the Debtor's Estate and issues surrounding its solvency[,]" and indicated its intent "to promptly file an appropriate motion to transfer venue to the U.S. District Court for the District of Arizona, where the Reorganization Case is pending." (Dkt. 1, NOR at ¶¶ 5, 8).  However, no motion to transfer venue has been filed and on February 9, 2022, the court approved a joint stipulation dismissing defendants Shurwest LLC and Shurwest Holding Company, Inc. ("Shurwest defendants") without prejudice.  (See Dkt. 18, Court's Order of February 9, 2022).

Absent the Shurwest defendants, there appears to have been no basis for removal under § 1441, (see, generally, Dkt. 1, NOR), and, as no other party has given notice of a pending bankruptcy proceeding, this court no longer has "jurisdiction of such claim or cause of action under section 1334 of this title."  See 28 U.S.C. § 1452(a).  Also, based on a review of the record, it appears that the court lacks subject matter jurisdiction under §§ 1331 and 1332.

Under § 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 129, 116 S.Ct. 494, 497 (1995) ("If an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction, then a court of appeals lacks jurisdiction to review that order under § 1447(d), regardless of whether the case was removed under § 1441(a) or § 1452(a).").  Accordingly, the court hereby gives the parties notice of its intention to remand this case back to the Los Angeles Superior Court pursuant to § 1452(b); id. at 131, 116 S.Ct. at 498-99 (Ginsburg, J., concurring)

---

[1] Shurwest LLC is a debtor-in-possession in a Chapter 11 reorganization proceeding in the Bankruptcy Court for the District of Arizona (Case No. 21-bk-6723 DPC).

[2] All statutory citations are to Title 28 of the United States Code unless otherwise indicated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9256 FMO (MAAx) | Date | February 16, 2022 |
|---|---|---|---|
| Title | Gloria Salvador Rodillas v. Minnesota Life Insurance Company, et al. | | |

("Section 1452(b) broadly provides for district court remand of claims related to bankruptcy cases 'on any equitable ground,' and declares that the remanding order is 'not reviewable by appeal or otherwise.'").

    Based on the foregoing, IT IS ORDERED THAT:

    1. Any party or parties objecting to remand shall file a response by no later than **February 23, 2022**.

    2. Failure to file a response by the deadline set forth above shall result in this action being remanded to state court.  See 28 U.S.C. § 1452(b); see also Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | gga | |